UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH R. H.,<br><br>               Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | CASE NO. 2:19-CV-1384 – DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly discounted Plaintiff's testimony. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On February 6, 2015, Plaintiff filed an application for DIB, alleging disability as of July 31, 2003. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ C. Howard Prinsloo on January 31, 2018. *See* AR 15. In a decision dated July 2, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 26. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 14; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) considering the medical opinion evidence; (2) considering Plaintiff's testimony; and (3) forming Plaintiff's residual functional capacity ("RFC"). Dkt. 12. Plaintiff requests the Court remand this matter for an award of benefits. Dkt. 12.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.    Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff argues the ALJ erred by "sweepingly assigning little weight to opinions of treating and examining physicians." Dkt. 12, p. 3.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The record includes a number of opinions from several physicians who conducted examinations in connection with Plaintiff's Workers' Compensation benefits claim. For example, Dr. Mark Manoso wrote that Plaintiff had a history of hip pain, spine strain, and lower back pain. AR 439-440. He opined Plaintiff was "totally and permanently disabled." AR 443. Dr. Richard Johnson, Plaintiff's treating physician familiar with his medical history, opined Plaintiff is "totally and permanently disabled from working on a reasonably continuous basis." AR 448.

The ALJ discussed the doctors' opinions given in connection with Plaintiff's Workers' Compensation benefits claim ("WC opinions") and gave them little weight, saying:

> (1) In considering these reports and weighing the opinions contained therein, the undersigned notes that the standards for determining disability in Workers' Compensation cases are completely different that [sic] the standards used in Social Security cases. (2) The undersigned also points out that the medical opinions offered in Workers' Compensation cases fall within two extremes: favoring the individual who filed the claim or favoring the insurance company. With this in mind, the undersigned has fully reviewed and considered the various physicians' reports, including findings and the determinations of disabled or not disabled. The undersigned accords very little weight to the opinions regarding the claimant's status as disabled or not disabled and whether he was able to return to his past work, (3) as these opinions are in regards to an issue reserved to the Commissioner and therefore cannot be given any special weight, particularly because these opinions

are based on Workers' Compensation standards and not social security standards. (4) Additionally, the numerous opinions regarding the claimant being temporarily unable to return to work are irrelevant, as they are also on a decision reserved for the Commissioner and are not permanent, and therefore very little weight is given to these opinions as well.

AR 23 (citations omitted) (numbering added).

The ALJ provided four reasons for discounting the WC opinions. The Court finds the ALJ's third reason, that these opinions infringe on an issue reserved to the Commissioner, is specific and legitimate. "A statement by a medical source that you are 'disabled' or 'unable to work'" is "an opinion on issues reserved to the Commissioner," is "not [a] medical opinion[]," and is not due "any special significance" regardless of the source of the opinion. 20 C.F.R. § 404.1527(d). Here, Plaintiff only argues generally that the ALJ erred in his analysis of the opinions given in connection with Plaintiff's Workers' Compensation claim, and therefore fails to meet his burden. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights."); *Valentine v. Commissioner of Social Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation to find that the ALJ failed to account for [the claimant's] injuries in some unspecified way" when the claimant failed to detail what limitations followed from the evidence beyond those already listed in the RFC). Plaintiff specifically mentions Drs. Manoso and Johnson, both of whom explicitly opined to Plaintiff's disability status, which is an issue exclusively reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d). Accordingly, because the doctors Plaintiff identified in his briefing opined on an issue reserved to the Commissioner, the ALJ provided a specific and legitimate reason for discounting the WC opinions.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

While the ALJ provided other reasons to discount the WC opinions, the Court declines to consider whether these remaining reasons contained error, as any error would be harmless because the ALJ gave a clear and convincing reason to discount the opinions. *See* AR 23; *Presley-Carrillo v. Berryhill*, 692 Fed.Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle*, 533 F.3d at 1162) (noting that although an ALJ erred with regard to one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion). Accordingly, the Court finds the ALJ properly discounted the WC opinions.

**II. Whether the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's testimony.**

Plaintiff asserts the ALJ erred in his assessment of Plaintiff's testimony. Dkt. 12, pp. 8-11.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.[1] At the hearing Plaintiff testified he had pain

---

[1] On March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's subjective symptom testimony. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24,

due to a workplace accident and to a car crash in 1975. AR 42. Plaintiff testified he was unable to lift anything and that he could not sit for more than an hour and a half. AR 43. He testified that due to his impairments, he experienced arthritis and had difficulty standing, walking, and climbing stairs. AR 43-45. He further testified he intermittently lived in Mexico because the warm weather helped his pain. AR 49. Plaintiff stated he had lumbosacral spondylosis, depression, and memory issues. AR 166.

After outlining the medical evidence contained in the record, the ALJ discounted Plaintiff's testimony because it was inconsistent with his activities of daily living:

> Despite these allegations, in a Function Report the claimant stated he generally addressed his personal care needs with minor difficulties, drove, shopped in stores, and spent time with others. Additionally, the claimant testified that sometime around 2004 or 2005, he and his wife moved to Mexico to live in a condo for six months out of the year, and returned to live in the United States for the other six months, and did that on a continuing basis. He further stated that when he lived in Mexico, he would help other Americans and Canadians find homes and rentals, would provide information for recreation, and would take others on fishing trips. Here, the claimant has described daily activities that are inconsistent with the claimant's allegations of disabling symptoms and limitations.

AR 19-20 (citations omitted).

The ALJ also found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 20.

Courts have repeatedly stated that "a person's ability to engage in personal activities … does not constitute substantial evidence that he or she has the functional capacity to engage in

---

2016). The term "credibility" is no longer used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's character. *See id.* at *10 ("adjudicators will not assess an individual's overall character or truthfulness"). However, the applicable Ninth Circuit case law still refers to the term "credibility." *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent). Thus, the Court will use "credibility" and "subjective symptom testimony" interchangeably.

substantial gainful activity." *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998); *See O'Connor v. Sullivan,* 938 F.2d 70, 73 (7th Cir.1991) ("The conditions of work are not identical to those of home life."). Here, Plaintiff's ability to address his personal care needs with minor difficulties, drive, shop in stores, spend time with others, travel to Mexico, help people find homes and rentals, provide information for recreation, and go on fishing trips does not necessarily show he could "perform an eight-hour workday, five days per week, or an equivalent work schedule." *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. Moreover, the ALJ failed to explain how Plaintiff's ability to do said activities shows he could sustain a full-time work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week."). In addition, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722.

The ALJ also discounted Plaintiff's testimony because his statements were unsupported by the objective evidence. *See* Dkt. 12, p. 13. As this is the sole remaining reason and because a claimant's testimony may not be rejected solely on the basis that it is unsupported by the objective evidence, the Court need not determine if this reason is proper and finds the ALJ has not provided legally sufficient reasons for discounting Plaintiff's testimony. *See Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc)) (a claimant's pain testimony may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence."; *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989);

*see also Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (the same is true with respect to a claimant's other subjective complaints).

For the above stated reasons, the Court finds the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's testimony. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Plaintiff testified to greater limitations than the limitations included in the RFC. For example, he testified he could not sit for more than an hour and a half and had difficulty standing, walking, lifting, and climbing stairs. AR 43-45. In contrast, the RFC only limited Plaintiff to light work with no concentrated exposure to extreme cold or vibration, with no other limitations. AR 19. Had the ALJ properly considered Plaintiff's testimony, he may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert ("VE"). As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal. Accordingly, the ALJ is directed to reassess Plaintiff's testimony on remand.

**III. Whether the ALJ properly determined Plaintiff's RFC.**

Plaintiff asserts the ALJ erred in assessing his RFC and finding him not disabled at Step 5 of the sequential evaluation process because the RFC and hypothetical questions to the VE did not contain all Plaintiff's functional limitations. Dkt. 12, pp. 11-13. The Court concludes the ALJ committed harmful error when he failed to properly consider Plaintiff's testimony and is directed to re-evaluate it on remand. *See* Section I, *supra*. The ALJ must therefore reassess the RFC on remand. *Valentine*, 574 F.3d at 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the VE defective when the ALJ did not properly consider a doctor's findings).

**IV. Whether an award of benefits is warranted.**

Plaintiff requests this matter be remanded with a direction to award benefits. Dkt. 12, p. 14. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved

before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate Plaintiff's subjective symptom testimony on remand. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

<u>CONCLUSION</u>

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 27th day of March, 2020.

David W. Christel
United States Magistrate Judge