UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH H.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 2:19-CV-1384-DWC

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)

On March 27, 2020, the Court entered Judgment for Plaintiff, reversing and remanding Defendant's decision to deny Plaintiff's application for disability insurance benefits. *See* Dkt. 14, 15. Presently before the Court is Defendant's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Motion").[1] Dkt. 18. Defendant argues the Court should alter the judgment and affirm Defendant's decision to deny benefits because the Court's decision is based on a clear error of law. Dkt. 17, p. 2. Plaintiff did not file a response in opposition.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

ORDER GRANTING DEFENDANT'S MOTION
TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 59(E) - 1

1     The Court may alter or amend a judgment under Rule 59(e) where the Court has

2 committed clear error. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e)

3 provides an "extraordinary remedy, to be used sparingly in the interests of finality and

4 conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

5 Additionally, "[i]f a party fails to file papers in opposition to a motion, such failure may be

6 considered by the court as an admission that the motion has merit." *See* Local Rule 7(b)(2).

7     Here, Defendant argues the Court committed clear error of law by failing to: (1)

8 recognize that inconsistency between a claimant's activities and his symptom testimony is an

9 acceptable reason for an Administrative Law Judge ("ALJ") to discount the claimant's

10 testimony; and (2) consider Plaintiff's contradictory statements about his pain and functioning as

11 an additional reason provided by the ALJ for discounting Plaintiff's testimony about his

12 limitations. Dkt. 17.

13     Regarding Plaintiff's subjective symptom testimony, the ALJ found, in relevant part, that

14 Plaintiff's daily activities were inconsistent with Plaintiff's allegations of disabling symptoms

15 and limitations. Dkt. 8, Administrative Record ("AR") 19-20. Inconsistencies between a

16 claimant's activities and his testimony is an acceptable reason for the ALJ to reject Plaintiff's

17 testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). In the Order, the Court found

18 the ALJ failed to explain how Plaintiff's ability to perform daily activities shows he could

19 perform a full-time work schedule, but the Court did not consider whether Plaintiff's activities of

20 daily living were inconsistent with his testimony. *See* Dkt. 14. The Court remanded with

21 direction for the ALJ to only re-evaluate Plaintiff's subjective symptom testimony. *Id.*

22     After reconsideration of the record and the ALJ's decision, the Court finds the ALJ's

23 determination that Plaintiff's activities of daily living were inconsistent with his testimony is a

24

ORDER GRANTING DEFENDANT'S MOTION
TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 59(E) - 2

clear and convincing reason, supported by substantial evidence, for discounting Plaintiff's subjective symptom testimony.

Plaintiff alleged difficulty lifting any weight, pain when sitting longer than 90 minutes, difficulty with standing and walking, and problems climbing stairs. AR 43-45. At the hearing, Plaintiff testified he was unable to lift anything and that he could not sit for more than an hour and a half. AR 43. Despite these allegations, Plaintiff traveled between Washington State and Puerta Vallarta, Mexico two times a year. AR 39, 65, 302. Although he normally traveled to Mexico by plane, Plaintiff informed his doctor he was preparing to drive to Mexico with his wife in 2006. AR 303. Plaintiff testified that he owned a number of properties in Mexico and helped manage and maintain these properties, including mowing lawns and general maintenance. AR 696-697. At a consultation in July 2007, Plaintiff demonstrated how to hop onto a surfboard from a prone position for his orthopedic physician. AR 298. These activities contradict Plaintiff's testimony regarding his limitations. Thus, the inconsistencies between Plaintiff's activities and his testimony that his pain was so severe he was incapable of lifting any weight or performing other basic activities was a clear and convincing reason to discount Plaintiff's subjective symptom testimony.

As the ALJ provided a valid reason for discounting Plaintiff's subjective symptom testimony, the decision must be affirmed. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including erroneous reasons among other valid reasons to discount a claimant's credibility does not negate the ALJ's determination and is, at most, harmless error). Furthermore, Plaintiff did not file a response opposing Defendant's Motion to Alter or Amend Judgment. The Court

construes Plaintiff's failure to respond as an admission that Defendant's motion has merit. *See* Local Rule 7(b)(2).

      For these reasons, the Court grants Defendant's Motion and affirms the ALJ's treatment of Plaintiff's testimony.[2] As this was the only error on which the Court reversed and remanded the ALJ's decision, the Court's decision is reversed and the ALJ's decision finding Plaintiff not disabled is affirmed.

      Dated this 19th day of May, 2020.

*[signature]*

David W. Christel
United States Magistrate Judge

---

[2] The Court also directed the ALJ to re-evaluate the residual functional capacity ("RFC") assessment on remand. Plaintiff alleges that, because the ALJ erred in his consideration of the medical evidence and Plaintiff's subjective symptom testimony, the ALJ failed to properly assess Plaintiff's RFC. *See* Dkt. 12, pp. 11-13. As the Court finds the ALJ did not err in his consideration of the medical evidence or Plaintiff's testimony, Plaintiff has failed to show the RFC did not include all the credible limitations contained in the record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record). Therefore, the Court finds the ALJ did not err at Step Five.

ORDER GRANTING DEFENDANT'S MOTION
TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 59(E) - 4